**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DODOTS LICENSING SOLUTIONS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> LENOVO HOLDING CO., INC., LENOVO ) <br> (UNITED STATES), INC. and MOTOROLA ) <br> MOBILITY LLC, ) <br> ) <br> Defendants. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff DoDots Licensing Solutions LLC ("DoDots"), makes the following allegations against Lenovo Holding Co., Inc. ("LHCI") and Lenovo (United States) Inc. ("Lenovo U.S.A.") (collectively, "Lenovo"), and against Motorola Mobility LLC ("Motorola"). Plaintiff refers to Lenovo and Motorola collectively herein as "Defendants":

**THE PARTIES**

1. DoDots is a Texas limited liability company with a place of business at 836 Diamond Street, Laguna Beach, California 92651.

2. Upon information and belief, LHCI is a Delaware corporation having a regular and established place of business in Morrisville, North Carolina. LHCI may be served with process through its registered agent for service in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Upon information and belief, Lenovo U.S.A. is a Delaware corporation having a regular and established place of business in Morrisville, North Carolina. Lenovo U.S.A. may

be served with process through its registered agent for service in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Upon information and belief, Motorola is a Delaware limited liability company having a regular and established place of business in Chicago, Illinois. Motorola may be served with process through its registered agent for service in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. Upon information and belief, Lenovo and Motorola are affiliates because Motorola is controlled by, or under common control with, at least LHCI or Lenovo U.S.A.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over LHCI because, on information and belief, LHCI resides in this judicial district because LHCI is a corporation organized under the laws of the State of Delaware and maintains as a registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9. This Court has personal jurisdiction over Lenovo U.S.A. because, on information and belief, Lenovo U.S.A. resides in this judicial district because Lenovo U.S.A. is a corporation organized under the laws of the State of Delaware and maintains as a registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. This Court has personal jurisdiction over Motorola because, on information and belief, Motorola resides in this judicial district because Motorola is a limited liability company

organized under the laws of the State of Delaware and maintains as a registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11. This Court further has personal jurisdiction over Defendants because Defendants have committed, or aided, abetted, contributed, and/or participated in the commission of tortious acts of patent infringement that has led to foreseeable harm and injury to DoDots in this judicial district. Upon information and belief, Defendants have derived substantial revenue from their infringing acts in the State of Delaware and this District, including from its sales of infringing devices in the United States.

12. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

13. On June 14, 2016, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,369,545 (the "'545 Patent"), entitled "Accessing and Displaying Network Content," naming John Kembel *et al.* as the inventors. The '545 Patent is in force. DoDots is the lawful owner of all right, title and interest in the '545 Patent and has the right to sue and to recover for past infringement of the '545 Patent. A copy of the '545 Patent is attached as Exhibit A.

## BACKGROUND

14. DoDots, Inc. was a new Silicon Valley technology company founded in 1999 by inventors and twin brothers, John Kembel and George Kembel, along with Tony Medrano when they were all graduate students at Stanford University. In those days, well before the first iPod was released, much less the first smartphone, conventional wisdom revolved around accessing content on the web using Microsoft's Internet Explorer or Netscape Navigator. DoDots, Inc. set out to commercialize a novel and completely unconventional approach to delivering content

from the Internet in the form of connected widgets or applications called "Dots" rather than via a web browser.

15. DoDots, Inc. developed and distributed a system and platform for its businesses and other third parties to develop such widgets or apps and make them available to desktop and mobile devices. At its peak, DoDots, Inc. was a hot Internet startup valued at $275 million. The company listed dozens of customers that had used the technology to distribute their own Dots, including ABC, Edmunds, CNET and Merriam-Webster. A copy of the company's customer listing from its website in 2000 is attached as Exhibit B. The company evangelized the concept of Dots and demonstrated the technology to all who would listen, including at conferences attended by many leading technology companies of today.

16. With the industry-wide dot com bubble burst, investors withdrew support at a critical stage of its growth, leaving DoDots, Inc. with limited options. DoDots, Inc. was forced to sell its assets, including its valuable patent portfolio, and the portfolio is now owned by the new DoDots entity. The patent portfolio now includes the recently issued patent-in-suit, i.e., the '545 Patent, which was issued June 14, 2016. This is the most recent of the 16 issued patents in the portfolio, and claims priority back to 1999. The patented technology paved the way for connected widgets and app ecosystems and is in wide use today. DoDots is in the business of licensing and/or selling its intellectual property to current and potential adopters in the industry.

17. Defendant Lenovo makes, has made, uses, sells, offers for sale, and/or imports in the United States products and/or systems that infringe the patent-in-suit. For example, without limitation, Lenovo ThinkPad, Yoga, ThinkCentre, IdeaCentre, ideapad, ThinkStation, Legion and Flex computers, including the Lenovo ThinkPad, and Lenovo YogaBook, YogaTab, Tab,

Tab 3, Tab 4, ThinkPad Tablet, MIIX, Phab 2 and Phab 2 Pro mobile devices, infringe the patent-in-suit (collectively, the "Lenovo Accused Devices").

18. Defendant Motorola makes, has made, uses, sells, offers for sale, and/or imports in the United States products and/or systems that infringe the patent-in-suit. For example, without limitation, Motorola Z, X, G, E and Droid family mobile phones, including the Motorola moto z smartphone, infringe the patent-in-suit (collectively, the "Motorola Accused Devices").

19. Defendant Lenovo provides a link to the Motorola Accused Devices from one or more Lenovo-controlled websites. Plaintiff refers to the Lenovo Accused Devices and the Motorola Accused Devices collectively herein as the "Accused Devices."

## COUNT I

## INFRINGEMENT OF THE '545 PATENT

20. Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-19.

21. DoDots owns by assignment the entire right, title, and interest in the '545 patent and is entitled to sue for past, current and future infringement. A true and correct copy of the '545 patent is attached hereto as Exhibit A. The '545 patent duly and legally issued on June 14, 2016, and is titled "Accessing and Displaying Network Content."

22. Defendants directly infringed one or more claims of the '545 patent in violation of 35 U.S.C. § 271 by, at least, making, using, supplying, distributing, importing, exporting, selling and/or offering for sale in the United States Accused Devices that practice and/or are covered by one or more claims of the '545 patent. For example, Defendants' products and/or systems infringe, either directly or under the doctrine of equivalents, at least claims 1-2, 9-10, 12 and 13 of the '545 patent. Defendants make, use, sell, offer for sale, supply, and/or distribute within the

United States and/or import and/or export the Accused Devices and thus directly infringe the '545 patent under 35 U.S.C. § 271(a).

23. As a result of Defendants' infringement of the '545 patent, DoDots has suffered damages and will continue to suffer damages.

24. DoDots has been damaged as a result of Defendants' infringing conduct. Defedants are therefore liable to DoDots in an amount that adequately compensates DoDots for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. sections 284-285.

## **REQUEST FOR RELIEF**

WHEREFORE, DoDots respectfully requests the following relief:

a. A judgment that Defendants have infringed the patent-in-suit i.e., the '545 Patent;

b. An accounting and an award of damages pursuant to 35 U.S.C. section 284 adequate to compensate for Defendants' infringement of DoDots' patent-in-suit, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

c. That Defendants, its officers, agents, and employees, and those persons acting in active concert or participation with Defendants, and its successors and assigns, be enjoined from further patent infringement;

d. That Defendants be ordered to pay all of DoDots' costs associated with this action; and

e. Any other remedy to which DoDots may be entitled.

## JURY DEMAND

DoDots hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38, Fed. R. Civ. P.

Dated: January 16, 2018

Of Counsel:

Perry Goldberg
PROGRESS LLP
11620 Wilshire Blvd., 9th Floor
Los Angeles, CA 90025
(310) 697-7200

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for DoDots Licensing Solutions LLC*