IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DODOTS LICENSING SOLUTIONS LLC, )
)
        Plaintiff, )
)
v. ) C.A. No. 18-098 (MN)
)
LENOVO HOLDING COMPANY, INC., )
LENOVO (UNITED STATES) INC. and )
MOTOROLA MOBILITY LLC, )
)
        Defendants. )

## MEMORANDUM OPINION

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE; Perry Goldberg, PROGRESS LLP, Los Angeles, CA – attorneys for Plaintiff

Frederick L. Cottrell, III, Renée M. Mosley, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Charanjit Brahma, Anup M. Shah, Oscar A. Figueroa, TROUTMAN SANDERS LLP, San Francisco, CA – attorneys for Defendants

December 19, 2018
Wilmington, Delaware

*[signature]*

**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendants Lenovo (United States) Inc.'s, Lenovo Holding Co., Inc.'s, and Motorola Mobility LLC's (collectively, "Defendants") partial motion to dismiss (D.I. 17) the First Amended Complaint (D.I. 15) for failure to state a claim on the grounds that Plaintiff DoDots Licensing Solutions LLC ("Plaintiff") does not plausibly allege direct and induced infringement of various asserted patents. For the reasons set forth below, the Court GRANTS-IN-PART and DENIES-IN-PART Defendants' motion.

**I.     BACKGROUND**

On January 16, 2018, Plaintiff filed the present action, alleging that Defendants infringe various claims of U.S. Patent No. 9,369,545 ("the '545 Patent"). (D.I. 1 ¶ 22). On June 6, 2018, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Complaint failed to plausibly allege that Defendants directly infringe the '545 Patent. (*See* D.I. 9 & 10). In response, on June 27, 2018, Plaintiff filed a First Amended Complaint that added two patents to the case – U.S. Patent Nos. 8,020,083 ("the '083 Patent") and 8,510,407 ("the '407 Patent") – and included additional detail regarding Plaintiff's allegations of direct infringement of the '545 Patent. (*See, e.g.*, D.I. 15 ¶¶ 14-15, 22-24). The First Amended Complaint included allegations of direct infringement of the two new patents, as well as allegations of induced infringement of the '545, '083 and '407 Patents (collectively, "the Patents-in-Suit"). (*See* D.I. 15 ¶¶ 25-29, 32, 38, 44). On July 11, 2018, Defendants filed the present motion to dismiss, claiming that the First Amended Complaint fails to plausibly allege direct infringement of the '545 Patent, and that it also fails to plausibly allege induced infringement of any of the three Patents-in-Suit. (*See* D.I. 17 & 18).

1

## II. LEGAL STANDARDS

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)). Nor is the Court required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See TriPlay, Inc. v. WhatsApp Inc.*, C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

## III. DISCUSSION

### A. Plaintiff's Claims of Direct Infringement of the '545 Patent

In the First Amended Complaint, Plaintiff alleges that various of Defendants' products directly infringe at least claims 1-2, 9-10, 12 and 13 the '545 Patent, all of which are method

2

claims. (*See* D.I. 15 ¶ 32). As to the Lenovo Defendants, Plaintiff identifies the following accused products: "Lenovo ThinkPad, Yoga, ThinkCentre, IdeaCentre, ideapad, ThinkStation, Legion and Flex computers, including the Lenovo ThinkPad, and Lenovo YogaBook, YogaTab, Tab, Tab 3, Tab 4, ThinkPad Tablet, MIIX, Phab 2 and Phab 2 Pro mobile devices." (*Id.* ¶ 19). As to Defendant Motorola Mobility, Plaintiff identifies "Motorola Z, X, G, E and Droid family mobile phones, including the Motorola moto z smartphone" as the products accused of infringing the '545 Patent. (*Id.* ¶ 20). According to Plaintiff, each of these products (collectively, "the Accused Devices") "make[s] extensive use of apps and/or widgets[] and infringe the patents-in-suit." (*Id.* ¶¶ 19, 20). By way of example, Plaintiff maps the Lenovo YogaBook onto claim 1 of the '545 Patent, alleging that use of various applications (*e.g.*, MSN weather app, podcast app) on the YogaBook results in performance of each and every limitation of claim 1. (*Id.* ¶¶ 22-24).[1]

Defendants argue that they cannot be liable for direct infringement of the asserted claims of the '545 Patent based on certain activities. Every claim in the '545 Patent is a method claim and, according to Defendants, "making, selling, or offering for sale accused devices that are allegedly used by customers to practice the steps of the '545 patent is not infringing conduct as a matter of law." (D.I. 18 at 6; *see also* '545 Patent at Claims 1-21). As to the allegations of direct infringement by "use" of the Accused Devices, Defendants argue that the First Amended Complaint does not include factual allegations that plausibly support the inference that Defendants actually use the YogaBook (or any Accused Device) in a way that performs every step of the

---

[1] Defendants referred to Lenovo Holding Company, Inc., Lenovo (United States) Inc. and Motorola Mobility LLC collectively as "Lenovo." (D.I. 18 at 1). The Court therefore views the allegations as to the Lenovo YogaBook as equally applicable to Defendant Motorola Mobility.

method in claim 1 of the '545 Patent. (D.I. 25 at 2-3). Rather, in Defendants' view, the allegations are simply a formulaic recitation of the elements of a claim of direct infringement. (*Id.* at 2).

Liability for direct infringement arises under 35 U.S.C. § 271(a) when a party, without authorization, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." The activities set forth in § 271(a) do not result in direct infringement unless the accused product embodies the complete patented invention. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 & n.2 (Fed. Cir. 2000). Therefore, to state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s). *See TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, C.A. No. 17-965-LPS-CJB, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018). Where, as here, the asserted claims are method claims, it is well-established that direct infringement exists only where there is performance of every step of the claimed method. *See Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012) ("[D]irect infringement of a method claim requires a showing that every step of the claimed method has been practiced.").

Here, the Court agrees with Defendants that making, selling, offering to sell or importing the Accused Devices cannot – as a matter of law – constitute direct infringement of the claims of the '545 Patent within the meaning of § 271(a). Each of the claims is directed to a computer-implemented method of obtaining and displaying content over a computer network, and the law is clear that direct infringement of a method claim requires performance of every claimed step – not merely the manufacture or sale of a device capable of performing those steps. *See, e.g., Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of

4

infringing use."); *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1313 (Fed. Cir. 2003) ("The sale or manufacture of equipment to perform a claimed method is not direct infringement within the meaning of 35 U.S.C. § 271(a)."). Because there is no set of facts that could plausibly support a claim of direct infringement of the '545 Patent based on Defendants making, selling, offering to sell or importing the Accused Devices,[2] the Court will dismiss those claims. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

The allegations regarding "use" within the meaning of § 271(a), however, are a different matter. The Court does not agree with Defendants that the allegations in the First Amended Complaint fail to pass muster under *Iqbal* and *Twombly*. Plaintiff specifically identifies a number of Defendants' products that allegedly infringe the asserted claims of the '545 Patent when used in combination with certain applications. (*See* D.I. 15 ¶¶ 19, 20). As an example, Plaintiff singles out one Accused Device (*i.e.*, the Lenovo YogaBook) and goes through each limitation of claim 1 to show how use of the YogaBook in conjunction with applications would plausibly result in performance of all the claimed steps. (*Id.* ¶¶ 22-24). And Plaintiff alleges that Defendants use the Accused Devices. (*See, e.g., id.* ¶¶ 19, 20, 32). Nevertheless, Defendants argue that Plaintiff's claim must fail because there are no facts pleaded to support an inference that Defendants *actually use* the YogaBook in a manner that infringes claim 1 of the '545 Patent (or any other claim). (*See* D.I. 25 at 3 ("Notably, DoDots's recitation of how each limitation of claim 1 of the '545 patent is met speaks only of how a product (Yogabook) meets the limitations, without alleging that Lenovo performs any of the required steps, whether through its 'own use' or otherwise.")). But

---

[2] Plaintiff does not seriously dispute this, instead focusing its opposition to Defendants' motion on the allegations in the First Amended Complaint of "use" within the meaning of § 271(a). (*See* D.I. 23 at 1-2).

Plaintiff does allege that Defendants use the Accused Devices (*see* D.I. 15 ¶¶ 19, 20, 32) and that that use purportedly results in performance of all the steps of claim 1 (*see id.* ¶¶ 22-24). This is sufficient to put Defendants on notice as to how their use of the YogaBook constitutes direct infringement of claim 1.[3] *See, e.g., Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding claim of direct infringement sufficiently pled to "provide [defendants] fair notice of infringement" where complaint specifically identified accused products and alleged "using" of accused products that met "each and every limitation" of at least one claim). Thus, the Court finds that Plaintiff adequately alleges direct infringement of the '545 Patent based on Defendants' use of the Accused Devices.

B. <u>Plaintiff's Claims of Induced Infringement of the Patents-in-Suit</u>

The First Amended Complaint includes allegations that Defendants indirectly infringe "one or more claims" of each of the Patents-in-Suit. (*See* D.I. 15 ¶¶ 32, 38, 44). As to induced infringement, Plaintiff alleges:

> As alleged below, Defendants induce infringement of the Patents-in-Suit by their customers, and intend to do so, through their marketing materials, brochures, product manuals, and other materials such as their website, https://www.lenovoappexplorer.com/en_us/, with knowledge of the Patents-in-Suit and their customers' infringement of them.

(*Id.* ¶ 29). The First Amended Complaint does not include any other theories of indirect infringement liability and there are no further allegations on inducement.[4]

---

[3] As to the type or scope of any use by Defendants, Plaintiff is not required to prove its case at the pleading stage. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). It is not implausible that Defendants perform internal testing of the YogaBook that results in performance of all the steps in claim 1, and Plaintiff would have no insight into Defendants' internal activities at the pleading stage.

[4] Plaintiff does not identify whether its indirect infringement allegations stem from § 271(b) or another subsection – in fact, Plaintiff alleges that Defendants indirectly infringe under § 271(a). (*See, e.g.*, D.I. 15 ¶ 32 ("Defendants make, use, sell, offer for sale, supply, and/or distribute within the United States and/or import and/or export the Accused Devices and

Defendants argue that Plaintiff's allegations of inducement[5] are conclusory and do not include the necessary elements to support a claim of inducement. (D.I. 18 at 6-7). Induced infringement under § 271(b) requires that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). To give rise to inducement liability, the accused infringer must know that the induced acts constitute infringement of another's patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Therefore, to state a claim of inducement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly support an inference that the accused inducer "specifically intended [another] to infringe the [patent] and knew that the [induced] acts constituted infringement." *Bill of Lading*, 681 F.3d at 1339. A plaintiff must also plead facts that support an inference that an underlying act of direct infringement has occurred. *See id.* at 1336; *see also Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement.").

Defendants argue that Plaintiff does not adequately plead at least the knowledge and specific intent elements necessary to support a claim of inducement. (*See* D.I. 18 at 7-8). As to the requisite knowledge of infringement, Defendants explain that Plaintiff's allegations are limited to two statements: "Defendants induce infringement . . . with knowledge of the Patents-in-Suit and

---

[5] thus directly and/or ***indirectly infringe the '545 patent under 35 U.S.C. § 271(a).***" (emphasis added))). It is unclear to the Court how a defendant can indirectly infringe a patent under § 271(a) given that that section is concerned with acts that constitute direct infringement of a patent.

Defendants assert that the allegations of indirect infringement in the First Amended Complaint are limited to inducement (D.I. 18 at 6), and Plaintiff does not contest this (D.I. 23 at 3-4). The Court agrees that the only theory of indirect liability pleaded in the First Amended Complaint is induced infringement.

7

their customers' infringement of them" (D.I. 15 ¶ 29) and "Defendants are on notice" of each of the Patents-in-Suit (*id.* ¶¶ 34, 40, 46). (*See* D.I. 18 at 7). In Defendants' view, because these allegations are unsupported by any factual assertions, they are insufficient to plausibly suggest that Defendants have acted with the requisite knowledge of infringement for inducement liability. (D.I. 18 at 7-8). As to specific intent, Defendants argue that Plaintiff's allegation is "no more than a regurgitation of the elements of inducement" and that the cited Lenovo website fails to add any plausible support to a claim that Defendants specifically intend to induce infringement of the Patents-in-Suit. (D.I. 18 at 8). According to Defendants, Plaintiff does not identify any particular statement or location within that website that reasonably supports an inference that Defendants "acted with the requisite knowledge or intent to induce infringement." (*Id.* at 8).

Here, the Court agrees with Defendants that the First Amended Complaint fails to state a claim of induced infringement. Plaintiff's allegations regarding induced infringement are essentially contained in Paragraph 29 of the First Amended Complaint, and provide merely a formulaic recitation of the elements of an inducement claim. The Court is unable to discern whether Plaintiff is attempting to plead inducement based on pre-suit conduct, or whether Plaintiff's allegations of inducement are limited to activities after the filing of the original complaint (or later). In any case, however, Plaintiff's allegations regarding knowledge are deficient. There are no factual allegations that suggest Defendants possessed the requisite knowledge of infringement of any of the Patents-in-Suit prior to filing the original complaint. *See HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 11-770-RGA, 2012 WL 2580547, at *1 (D. Del. July 3, 2012) ("Stating that the defendant was on notice of a patent as of a certain date is insufficient to provide a factual basis for alleging knowledge [to support a claim of inducement]."). Nor does Plaintiff plausibly allege (or even state) that Defendants have knowledge of their

8

customers' infringement based on the filing of the original complaint (which was limited to allegations of direct infringement of the '545 Patent) or the now-operative complaint. Simply put, the First Amended Complaint does not adequately plead that Defendants possessed the requisite knowledge of infringement at any time to support a claim of inducement.

As to specific intent to induce infringement, Plaintiff's allegations again fall short. On this element, the only allegation in the First Amended Complaint is that "Defendants induce infringement of the Patents-in-Suit by their customers, and intend to do so, through their marketing materials, brochures, product manuals, and other materials such as their website, https://www.lenovoappexplorer.com/en_us/ . . . ." (D.I. 15 ¶ 29). Although Plaintiff cites Defendants' website as support for its allegation, it does so generically and does not identify any particular statement or material that plausibly suggests Defendants intend to induce infringement of the Patents-in-Suit. The Court has visited the website and is unable to find any instruction, direction or encouragement that would reasonably support such an inference. Moreover, for Defendants' marketing activities to plausibly suggest a specific intent to induce infringement, there must be knowledge of the customers' infringement (which Plaintiff fails to adequately plead). *See ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 459 (D. Del. 2014) ("[M]arketing activities are not sufficient to constitute induced infringement unless the marketing activities are coupled with actual knowledge of the patents-in-suit and awareness that the accused products infringe the patent-in-suit."). Plaintiff's allegations of specific intent are therefore insufficient.

Because the First Amended Complaint does not plausibly allege that Defendants possess the requisite knowledge and specific intent to induce infringement, Plaintiff has failed to state a claim of inducement for the Patents-in-Suit.

C.     Leave to Further Amend the Complaint

Having found that Plaintiff has failed to adequately plead induced infringement in the First Amended Complaint, the Court now turns to Plaintiff's request for an opportunity to amend its pleading to cure the deficiencies. (*See* D.I. 23 at 3-4). Defendants argue that "this is [Plaintiff]'s second bite at the apple" and any further attempt to amend would be futile. (D.I. 18 at 9; *see also* D.I. 25 at 6). Although the pleading before the Court is an amended complaint, the original complaint did not have claims dismissed under Rule 12(b)(6). Instead, Plaintiff amended its original complaint pursuant to Rule 15(a)(1)(B) in response to Defendants' first motion to dismiss. (*See* D.I. 1, 9, 15). Moreover, the First Amended Complaint added two new patents to the case and included allegations of induced infringement for the first time – *i.e.*, the same allegations that the Court finds deficient here. (*Compare* D.I. 1 ¶ 22 (alleging only direct infringement of the '545 Patent), *with* D.I. 15 ¶¶ 32, 38, 44 (introducing allegations of indirect infringement of the Patents-in-Suit)). Because Rule 15(a)(2) requires that leave to amend be freely granted "when justice so requires," and because this is the first time that a court has found Plaintiff's allegations deficient, Plaintiff will be given leave to file a further amended complaint with respect to induced infringement.[6]

IV.    **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss (D.I. 17) is GRANTED-IN-PART and DENIED-IN-PART. An appropriate order will follow.

---

[6]   That being said, the Court does not grant leave to amend with respect to Plaintiff's claims of direct infringement of the '545 Patent under § 271(a) based on Defendants' making, selling, offering to sell or importing the Accused Devices. The law is clear that the method claims of the '545 Patent cannot be infringed by the manufacture, sale, offer for sale or importation of the Accused Devices, and no facts could be pleaded to state a claim of direct infringement based on these activities. Amendment would therefore be futile, and those claims are dismissed with prejudice.