IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DODOTS LICENSING SOLUTIONS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LENOVO HOLDING COMPANY, INC., ) <br> LENOVO (UNITED STATES) INC. and ) <br> MOTOROLA MOBILITY LLC, ) <br> ) <br> Defendants. ) | C.A. No. 18-098 (MN) |

## MEMORANDUM OPINION

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE; Perry Goldberg, PROGRESS LLP, Los Angeles, CA – attorneys for Plaintiff

Frederick L. Cottrell, III, Renée M. Mosley, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Charanjit Brahma, Anup M. Shah, Oscar A. Figueroa, TROUTMAN SANDERS LLP, San Francisco, CA – attorneys for Defendants

July 12, 2019
Wilmington, Delaware

*[signature]*
NOREIKA, U.S. DISTRICT JUDGE:

Presently before the Court is Defendants Lenovo (United States) Inc.'s, Lenovo Holding Co., Inc.'s, and Motorola Mobility LLC's (collectively, "Defendants" or "Lenovo") partial motion to dismiss (D.I. 33) the Second Amended Complaint (D.I. 30) for failure to state a claim on the grounds that Plaintiff DoDots Licensing Solutions LLC ("Plaintiff") does not plausibly allege induced infringement of the asserted patents. For the reasons set forth below, the Court GRANTS-IN-PART and DENIES-IN-PART Defendants' motion.

I. **BACKGROUND**

This is the second time that the Court is addressing the sufficiency of Plaintiff's infringement allegations. On December 19, 2018, the Court granted-in-part and denied-in-part Defendants' partial motion to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), finding that Plaintiff failed to plausibly allege various theories of direct and indirect infringement of U.S. Patent Nos. 9,369,545 ("the '545 Patent"), 8,020,083 ("the '083 Patent") and 8,510,407 ("the '407 Patent") (collectively, "the Patents-in-Suit"). (*See* D.I. 28 & 29).[1] Although Plaintiff had adequately pleaded direct infringement of the '083 and '407 Patents, the Court dismissed Plaintiff's claim of direct infringement of the '545 Patent based on any activity other than Defendants' use of the accused products.[2] (*See* D.I. 28 at 4-6). As to indirect infringement, the Court dismissed the claims of induced infringement for each of the Patents-in-Suit because Plaintiff failed to plausibly allege that Defendants possessed the requisite knowledge of infringement or the specific intent to induce infringement. (*Id.* at 8-9).

---

[1] The procedural history before the filing of Second Amended Complaint is set forth in the Court's prior opinion. (*See* D.I. 28 at 1).

[2] The '545 Patent contains only method claims, and direct infringement of a method claim under § 271(a) requires performance of every step of the claimed method.

On January 9, 2019, and in response to the Court's order dismissing certain claims of direct and indirect infringement, Plaintiff filed a Second Amended Complaint, which continues to allege that Defendants directly and indirectly infringe various claims of the Patents-in-Suit. (*See* D.I. 30). As to direct infringement, Plaintiff now alleges only that Defendants infringe the '545 Patent by using the accused products (*see* D.I. 30 ¶ 32), and the allegations of direct infringement of the '083 and '407 Patents remain the same. As to induced infringement, the Second Amended Complaint includes additional allegations regarding Defendants' purported knowledge of infringement and specific intent to induce infringement. (*Compare* D.I. 30 ¶ 29, *with* D.I. 15 ¶ 29). On January 28, 2019, Defendants filed the present motion to dismiss under Rule 12(b)(6), claiming that the Second Amended Complaint still fails to plausibly allege induced infringement of any of the three Patents-in-Suit. (*See* D.I. 33 & 34).

## II.   **LEGAL STANDARDS**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)). Nor is the Court required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See TriPlay, Inc. v. WhatsApp Inc.*, No. 13-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

### III. DISCUSSION

#### A. Plaintiff's Claims of Post-Suit Induced Infringement

As with the prior pleading, the Second Amended Complaint includes allegations that Defendants indirectly infringe "one or more claims" of each of the Patents-in-Suit. (*See* D.I. 30 ¶¶ 32, 38, 44; *see also* D.I. 15 ¶¶ 32, 38, 44 (First Amended Complaint)). As to induced infringement, Plaintiff now alleges:

> As alleged below, Defendants induce infringement of the Patents-in-Suit by their customers, and intend to do so, through their marketing materials, brochures, product manuals, and other materials such as their website, https://www.lenovoappexplorer.com/en_us/, with knowledge of the Patents-in-Suit and their customers' infringement of them. Lenovo actively markets its "Lenovo App Explorer," which it touts at the Lenovo App Explorer website as a "one stop shop to discover, evaluate, choose and install apps." Lenovo also states at that website that Lenovo gives users a selection of the "most popular" apps, which shows that Lenovo not only knows its customers are using the apps but Lenovo encourages the use by providing the selection of popular apps directly to the customers. For the same reasons that Lenovo knows its own use infringes the patents-in-suit, Lenovo also knows that its customers' use likewise infringes the patents-in-suit. Lenovo has been aware of all three patents-in-suit since at least the filing of the First Amended Complaint in this action, yet continues its own infringing activity as well as its inducement of infringement by its customers. On information and belief, Lenovo in fact has been aware of all three patents-in-suit even before the filing the First

3

> Amended Complaint, at least from shortly after the filing of the original Complaint.

(D.I. 30 ¶ 29). The Second Amended Complaint does not include any other theories of indirect infringement liability and there are no further allegations of inducement.[3]

Induced infringement under § 271(b) requires that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). To give rise to inducement liability, the accused infringer must know that the induced acts constitute infringement of another's patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Therefore, to state a claim of inducement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly support an inference that the accused inducer "specifically intended [another] to infringe the [patent] and knew that the [induced] acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2014). A plaintiff must also plead facts that support an inference that an underlying act of direct infringement has occurred. *See id.* at 1336; *see also Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement.").

As mentioned above, the claims of induced infringement in the First Amended Complaint were previously dismissed because Plaintiff did not adequately plead the requisite knowledge and specific intent elements necessary to support a claim of inducement. The Second Amended

---

[3] In its Second Amended Complaint, Plaintiff again fails to identify whether its indirect infringement allegations stem from § 271(b) or (c), which was an issue in the prior pleading. (*See* D.I. 28 at 7 n.5). Despite being on notice that the Court did not consider contributory infringement under § 271(c) to be at issue in this case, Plaintiff has not added allegations directed to that theory of infringement in its Second Amended Complaint. Therefore, Plaintiff's indirect allegations continue to be limited to inducement.

4

Complaint now alleges that Defendants have knowledge of the Patents-in-Suit and knowledge of the purported infringement of the Patents-in-Suit since at least the filing of the First Amended Complaint. (D.I. 30 ¶ 29). Although briefly mentioned in reply (D.I. 38 at 4), Defendants do not seriously challenge the sufficiency of Plaintiff's allegations of knowledge based on the filing of the First Amended Complaint. Instead, Defendants argue that Plaintiff's claims of inducement must fail because there are no facts to support the allegation that Defendants possess the requisite specific intent to induce infringement. (D.I. 34 at 6-7; *see also* D.I. 38 at 1-3). The Court disagrees.

In the Second Amended Complaint, Plaintiff alleges that Defendants have knowledge of the Patents-in-Suit from the First Amended Complaint, and Plaintiff also alleges that the infringement allegations from that earlier pleading provide sufficient notice of how use of the accused products by Defendants (or their customers) constitutes infringement of the Patents-in-Suit. (D.I. 30 ¶ 29). Further, Plaintiff alleges that Defendants are continuing their marketing activities despite receiving notice of these allegations from the First Amended Complaint. (*Id.*). Given that the First Amended Complaint provided Defendants with knowledge of the Patents-in-Suit and also with knowledge of the purported infringement caused by using the accused products in conjunction with certain applications, one plausible inference for Defendants' continued marketing of those products and applications is that Defendants specifically intend to induce their customers to infringe the Patents-in-Suit.[4] *See Bill of Lading*, 681 F.3d at 1340 ("Nothing in

---

[4] To the extent that Defendants take issue with Plaintiff not identifying a specific application offered on the "Lenovo App Explorer" (*see* D.I. 34 at 7), the Court is unpersuaded under the present facts. In alleging that the accused products satisfy each limitation of select claims of the Patents-in-Suit, Plaintiff identifies "the weather app" as an example application that satisfies certain claim elements. (*See* D.I. 30 ¶¶ 24, 26, 28). One of the "Lenovo App Explorer" applications highlighted on the website cited by Plaintiff is a weather application. Moreover, Plaintiff is not required to allege that use of *all* applications offered on the "Lenovo App Explorer" would result in infringement of the Patents-in-Suit, as Defendants seem to suggest. (D.I. 34 at 7).

5

*Twombly* or its progeny allows a court to choose among competing inferences as long as there are sufficient facts alleged to render the non-movant's asserted inferences plausible."). Indeed, other courts in this District have reached similar conclusions, finding a specific intent to induce to be sufficiently pleaded where a plaintiff alleges that the defendant continues marketing the accused products despite receiving notice of an asserted patent and its purported infringement from an earlier pleading. *See ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 460 (D. Del. 2014) ("ReefEdge's allegations of Juniper's marketing activities and instructions to customers to use the accused products in an infringing manner, even after Juniper had actual notice of the alleged infringement by specific accused products as a result of the filing of the original complaint, pleads specific intent to induce infringement with sufficient particularity."); *see also Telecomm Innovations, LLC v. Ricoh Co.*, 966 F. Supp. 2d 390, 395 (D. Del. 2013).

Plaintiff's allegations in the Second Amended Complaint may be borderline in terms of sufficiency, but the Court finds that Plaintiff has pleaded just barely enough to render plausible the inference that Defendants specifically intend to induce infringement of the Patents-in-Suit. Thus, because the Second Amended Complaint plausibly alleges that Defendants possess the requisite knowledge and specific intent to induce infringement since the First Amended Complaint was filed, Plaintiff has sufficiently stated a claim of post-suit inducement for the Patents-in-Suit.

B.     <u>Plaintiff's Claims of Pre-Suit Induced Infringement</u>

Although the Court finds that Plaintiff has adequately pleaded induced infringement since the filing of the First Amended Complaint, the Court agrees with Defendants that the allegations regarding pre-suit inducement are deficient. (*See* D.I. 34 at 8-9; D.I. 38 at 4-5). As with the prior pleading, the Second Amended Complaint still includes no factual allegations that plausibly suggest Defendants possessed the requisite knowledge of infringement of any of the Patents-in-

Suit prior to filing the original Complaint or the First Amended Complaint.[5] Indeed, despite being on notice that the allegations of pre-suit knowledge were deficient (D.I. 28 at 8-9), Plaintiff added only the following conclusory assertion in the Second Amended Complaint: "On information and belief, Lenovo in fact has been aware of all three patents-in-suit even before the filing the First Amended Complaint, at least from shortly after the filing of the original Complaint" (D.I. 30 ¶ 29). The Court is not required to accept as true such unsupported allegations, especially as related to the '083 and '407 Patents, which were not accused in the original Complaint. *See HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770-RGA, 2012 WL 2580547, at *1 (D. Del. July 3, 2012) ("Stating that the defendant was on notice of a patent as of a certain date is insufficient to provide a factual basis for alleging knowledge [to support a claim of inducement]."). There are no other allegations relating to pre-suit knowledge for any of the Patents-in-Suit. Because the Second Amended Complaint does not adequately plead that Defendants possessed the requisite knowledge prior to Plaintiff asserting the Patents-in-Suit, any claim of pre-suit inducement must be dismissed.

Plaintiff argues that the Court should not "chop off" the claim of pre-suit inducement at this stage; instead, according to Plaintiff, the Court should allow the case to proceed with pre-suit inducement at issue as long as the post-suit claim is found to be adequately pleaded. (*See* D.I. 36 at 5-6). Plaintiff does not cite any case to support the argument that a claim of induced infringement should proceed as to all time periods simply because post-suit inducement may be sufficiently pleaded. Indeed, other courts in this District have come to the opposite conclusion,

---

[5] Plaintiff only asserted the '545 Patent in the original Complaint (*see* D.I. 1 ¶¶ 20-24), and the '083 and '407 Patents were added to the case in the First Amended Complaint (*see* D.I. 15 ¶¶ 36-47). Therefore, as Defendants point out, the cut-off for pre-suit inducement for the '545 Patent is the date of the original Complaint, whereas the cut-off for pre-suit inducement for the '083 and '407 Patents is the date of the First Amended Complaint. (*See* D.I. 34 at 8-9; *see also* D.I. 38 at 4-5).

7

paring inducement claims down by time period when Plaintiff fails to adequately plead pre-suit inducement. *See, e.g., ReefEdge*, 29 F. Supp. 3d at 459-60 (dismissing pre-suit inducement claims but allowing Plaintiff to proceed with post-suit inducement claims); *see also Valmont Indus., Inc. v. Lindsay Corp.*, No. 15-042-LPS-CJB, 2018 WL 503255, at *3-4 (D. Del. Jan. 22, 2018). Regardless of the sufficiency of Plaintiff's allegations for post-suit inducement, the Court will not allow Plaintiff to pursue a claim of pre-suit inducement where there are insufficient allegations to render that claim plausible. Therefore, Plaintiff's claim of induced infringement of the '545 Patent is limited to the time since the original Complaint was filed, and Plaintiff's claims of induced infringement of the '083 and '407 Patents are limited to the time since the First Amended Complaint was filed. If Plaintiff later discovers facts that plausibly suggest Defendants possessed the requisite knowledge of the Patents-in-Suit to support a claim of pre-suit inducement, Plaintiff may, if appropriate, seek leave to further amend its complaint.[6]

## IV. **CONCLUSION**

For the foregoing reasons, Defendants' partial motion to dismiss (D.I. 33) is GRANTED-IN-PART and DENIED-IN-PART. An appropriate order will follow.

---

[6] For Plaintiff to request such leave to amend, it should follow the Court's procedure for doing so.