IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DODOTS LICENSING SOLUTIONS LLC, <br><br>Plaintiff, <br><br>v. <br><br>LENOVO HOLDING CO., INC., <br>LENOVO (UNITED STATES), INC. and <br>MOTOROLA MOBILITY LLC, <br><br>Defendants. | C.A. No. 18-cv-98-MN |

**PLAINTIFF'S MOTION TO LIFT THE STAY FOLLOWING *INTER PARTES* REVIEW**

Plaintiff hereby moves to lift the stay in this matter given the final written decisions issued by the Patent Trials and Appeals Board finding all claims challenge in the IPRs patentable and, in support thereof, states as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff DoDots Licensing Solutions LLC ("DoDots") filed this action more than three years ago, on January 16, 2018, alleging that the Defendants infringe U.S. Patent No. 9,369,545 (the "'545 Patent"). On June 27, 2018, prior to defendants serving an Answer, DoDots amended its Complaint alleging that defendants also infringe two related patents – U.S. Patent Nos. 8,020,083 (the "'083 Patent") and 8,510,407 (the "'407 Patent"). (Collectively, the '545 Patent, '083 Patent and '407 Patent are referred to herein as the "Patents-in-Suit.").

Defendants filed Petitions with the Patent Trials and Appeals Board (the "PTAB") asking that the PTAB institute *Inter Partes* Review ("IPR") proceedings to invalidate each of the Patents-in-Suit based on prior art that defendants argued rendered the patents invalid on obviousness grounds. The Petitions challenged each of the claims of the Patents-in-Suit that

have been asserted in this case.  On September 10, 2019, the PTAB instituted IPR proceedings with respect to the '545 Patent.  Defendants then informed Plaintiff that they intended to move for a stay of the litigation pending final resolution of all three IPR proceedings.  In the spirit of cooperation, DoDots agreed to stipulate to Defendants' request so long as the stipulation was clear that DoDots could seek to lift the stay prior to final resolution of the IPR proceedings.

Pursuant to stipulation, on September 17, 2019 the Court stayed the case pending the final outcome of the IPR proceedings, and specifically stated that "[e]ach party reserves its rights to move to seek to lift the stay prior to final resolution of the IPR Proceedings."  Order (D.I. 63) at 2.

The PTAB ultimately held trials in all three IPR Proceedings and has now issued Judgment in each one.  In each of the Proceedings, the PTAB ruled in favor of DoDots on all claims, finding that Defendants (the Petitioners) failed to show that any of the claims are unpatentable.  The most recent of these three rulings was entered by the PTAB on January 19, 2021.  Copies of the Judgments are attached as Exhibits A, B and C.  Defendants have filed notices of appeal.

As explained in the Order entering the stay, "if the PTAB affirms the validity of some or all of the Asserted Claims the Defendants will be estopped from arguing that the claim is invalid on any ground that Defendants raised or reasonably could have raised during the IPR Proceedings."  Order (D.I. 63) at 2.  This estoppel is a statutory estoppel that is triggered by a "final written decision."  35 U.S.C. § 315(e)(2).  Thus, now that the PTAB has issued its final written decisions in each of the IPR Proceedings, the estoppel applies to each of the Asserted Claims.

Given that the PTAB entered Judgment in favor of DoDots on all three Patents-in-Suit, DoDots believes it would be appropriate to lift the stay and move forward with the litigation rather than await the outcome of the Federal Circuit appeals. DoDots requested that Defendants consent to lifting the stay, but Defendants refused.

**ARGUMENT**

As this Court explained in lifting a stay in a similar case:

> "When a court has imposed a stay, but 'circumstances have changed such that the court's reasons for imposing [that] stay no longer exist or are inappropriate,' the court also has the inherent power and discretion to lift the stay."

*Dermafocus LLC v. Ulthera, Inc.*, 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2018) (citing *Princeton Dig Image*, 2015 WL 219019, *2 (quoting *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, C.A. Nos. 06-187-GMS, 06-391-GMS, 2009 WL 2969566, at *2 (D. Del. September 15, 2009)). Here, as in *DermaFocus*, at least one circumstance has changed; namely, the PTAB has resolved the patentability of the Asserted Claims.

Moreover, just as in *DermaFocus*, the Defendants have appealed the PTAB's decisions to the Federal Circuit. The mere possibility that the Federal Circuit could reverse the PTAB's decisions is not a sufficient reason to maintain the stay:

> While it is possible that continuing the stay would simply issues in the litigation, that would require the Federal Circuit to reverse the PTAB decision on all eighteen of the claims of the '559 patent. In contrast to when the stay was agreed-upon (after the PTAB had found a 'reasonable likelihood' that sixteen of the eighteen claims of the '559 patent would be found unpatentable), the decision from the PTAB now suggests that all eighteen of the claims will survive. (*See* D.I. 56, Ex. 1). And while the Federal Circuit may come to a different conclusion than the PTAB, the 'mere ***possibility*** (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is to speculative to be given much weight." *Network-I Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, Case No. 6:11CV492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015) (emphasis in original); *see also Zoll Med Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015).

*DermaFocus,* 2018 WL 5113960, at *2.

The status of the ligation also favors lifting the stay, just as in *DermaFocus*. In *DermaFocus*, no discovery had taken place yet but the Court recognized that "the case is not really in the early stages" because the case "was filed more than three years ago." *Id.* The same is true here.

If the stay is not lifted, DoDots will suffer prejudice in its ability to enforce its patent rights. The stay delays DoDots' ability to have its allegations of patent infringement adjudicated in this Court. As this Court explained in *DermaFocus*, such delay would cause prejudice to the patent owner even where (as here) the parties are not competitors. *Id.*

## CONCLUSION

Defendants took their "best shot at the PTAB and lost." *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, Civil Action No. 14-1430-LPS-CJB, 2018 U.S. Dist. LEXIS 30209, at *6 (D. Del. Feb. 26, 2018) (lifting a stay). The stay should now be lifted so that this case can proceed.

| | |
|---|---|
| Dated: February 12, 2021 | Respectfully submitted,<br><br>FARNAN LLP<br><br>/s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>Perry Goldberg (admitted *pro hac vice*)<br>PROGRESS LLP<br>11620 Wilshire Blvd., 9th Floor<br>Los Angeles, CA 90025<br>(310) 697-7200<br>goldberg@ProgressLLP.com<br><br>*Attorneys for*<br>*DoDots Licensing Solutions LLC* |